UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00427-ODW (Ex) | Date | February 2, 2026 |
|---|---|---|---|
| Title | *Felix Khosrovian v. D. Marin et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not present | | Not present | |

**Proceedings:**    **In Chambers**

    Presently before the Court is Petitioner Felix Khosrovian's Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 2.)[1]

    First, to the extent Petitioner asks the Court to enjoin Respondents from removing Petitioner to a third country, (*id.* at 5), the Court does not have jurisdiction to review Petitioner's claim. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Ninth Circuit made clear that § 1252(g) strips district courts of jurisdiction over claims that challenge the decision to execute a removal order, notwithstanding pending applications for relief. *See Rauda v. Jennings*, 55 F. 4th 773, 778 (9th Cir. 2022).

    As framed, part of Petitioner's requested relief falls within § 1252(g)'s jurisdictional bar because Petitioner asks the Court to restrain the government from executing a removal order. Accordingly, the Court **DENIES** Petitioner's TRO to the extent Petitioner asks the Court to enjoin Respondents from removing him to a third country until the Court resolves his habeas petition. (TRO 5.)

---

[1] Based on Petitioner's habeas petition, the Court construes his TRO as brought under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). (*See* Pet. ¶¶ 46, 51, Dkt. No. 1 (arguing that ICE continues to detain Petitioner even though "removal is not reasonably foreseeable")); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mandating liberal construction of pro se filings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00427-ODW (Ex) | Date | February 2, 2026 |
|---|---|---|---|
| Title | *Felix Khosrovian v. D. Marin et al.* | | |

  Furthermore, a temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

  Petitioner bears the burden of establishing the *Winter* factors, including his likelihood of success under *Zadvydas*. *See Am. Trucking*, 559 F.3d at 1052. However, Petitioner does not meaningfully address the *Winter* factors in his TRO. (*See generally* TRO.) Instead, he briefly states that he is likely to succeed on the merits of his claim "for the reasons set forth in his petition." (*Id.* at 4.) Petitioner's failure to argue whether he is likely to prevail on the merits of his *Zadvydas* claim for prolonged detention warrants summary denial of his TRO. Thus, the Court **DENIES** Petitioner's TRO **WITHOUT PREJUDICE**. (Dkt. No. 2.)

  If Petitioner wishes to re-apply for a TRO, he must address the *Winter* factors in his application. To the extent Petitioner does plead a *Zadvydas* claim, he must demonstrate, with evidence, that he has been in detention for over six months and that there is "no significant likelihood of [his] removal in the reasonably foreseeable future." 533 U.S. at 687. Finally, Petitioner must either serve Respondents with the TRO or certify "in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(B).

  **IT IS SO ORDERED**.

|  |  | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | SE | |